IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# WILLIAM C. BRAKE v. ANDRA L. BRAKE

**An Appeal from the Circuit Court for Robertson County**
**No. 6787; The Honorable Robert W. Wedemeyer, Judge**

---

**No. M1997-00007-COA-R3-CV - Decided June 13, 2000**

---

The present appeal arises from an order of the Robertson County Circuit Court. The order is a result of a Rule 60.02 Motion, which was filed for the benefit of the United States Bankruptcy Court, seeking to clarify the Final Decree of Divorce between the parties.

**Tenn.R.App.P. 3; Appeal as of right; Judgment of the Circuit Court Affirmed**

HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Robert Todd Jackson, JACKSON LAW OFFICE, Nashville, for Appellant

Sandra Jones, Nashville, for Appellee

---

## MEMORANDUM OPINION[1]

---

The parties to this action were married on April 21, 1987. The original complaint for divorce was filed on February 16, 1994. At the time of the final hearing, William Brake, the appellant, was thirty-seven years old and employed at Emergency Medical Services, Inc. ("E.M.S., Inc."). Andra Brake, the appellee, was thirty-four years old and employed as a registered nurse. The parties were divorced by stipulation pursuant to Tennessee Code Annotated § 36-4-129.

As part of the final decree, the trial court issued a written opinion which addressed the

---

[1] RULE 10. (Court of Appeals) – (b) Memorandum Opinion. The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

ownership of an equity interest in E.M.S., Inc. Under the heading "Equitable Distribution of Marital Property and Debts," the court stated:

> Accordingly, the Court finds that the equity of the parties in
> E.M.S.,Inc. is $158,877.00. Additionally, the Court finds that
> $21,351.86is the value of the parties equity in E.M.S. Repair, Inc.
> The Court further finds that this total equity of $180,228.86 should
> be divided evenly between the parties. The husband, therefore, is
> required to pay the sum of $90,114.43 to the wife.

Under a separate section entitled "Alimony," the court stated, "[n]either party shall be required to pay alimony or spousal support of any kind to the other party."

The trial court entered a subsequent order on September 26, 1996, in which it denied each party's request to alter or amend the final decree, **except** that it ordered the final decree to be modified to indicate that "the division of property awarded to the wife is necessary for her continued support and maintenance and is non-dischargeable in bankruptcy."

On October 5, 1996, the Appellant filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee. Apparently, there was some confusion in the bankruptcy proceeding regarding the Final Divorce Decree and Amended Final Divorce Decree. Accordingly, Ms. Brake filed a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure asking the trial court to further clarify its previous rulings. The trial court conducted a hearing on this matter and made the following findings in an order dated July 21, 1997:

> 1. That after fully hearing this case on the Court's contested
> docket, the Court was of the opinion that pursuant to the provisions
> of T.C.A. 36-5-101(d)(1), Wife should be awarded alimony *in
> solido* to be paid by Husband in the amount Ninety Thousand One
> Hundred Fourteen Dollars and 43/100 ($90,114.43).
>
> 2. That the Court's award was not a division of marital property
> pursuant to T.C.A. 36-4-121, but was ordered by this Court as an
> award of alimony for the support and maintenance of Wife with the
> same to be non-dischargeable in bankruptcy.
>
> 3. That in so far as paragraph number two (2) of the Court's Order
> of March 19, 1996 is inconsistent with the non-dischargeable
> award in the September 26, 1996 Order, the original order of
> March 19, 1996 was altered and modified by the Court Order of
> September 26, 1996 to reflect that the monies awarded to Wife
> were in the nature of Alimony *In Solido*, necessary for her support

and maintenance and non-dischargeable in bankruptcy.

> 4. That it is and has been this Court's intention that Plaintiff pay the sum heretofore ordered to counter-Plaintiff for her support and maintenance and that the same be non-dischargeable in bankruptcy. That the opinion of the court regarding Counter-Plaintiff's need for financial support from Plaintiff has not changed and remains as heretofore ordered.

Mr. Brake subsequently filed a timely Notice of Appeal from the July 21, 1997 order. [2]

The sole issue in the present appeal is whether the award of $90,114.43 is properly characterized as alimony or as a division of the marital property. It is clear to this court that the initial order of the trial court considered the award a division of marital property. It is just as clear that the trial court amended its original order and classified the award as alimony.

A trial court has broad discretion in determining whether to award alimony, Loyd v. Loyd, 860 S.W.2d 409 (Tenn. Ct. App. 1993), and we are not inclined to alter the awards except where the record reflects that such discretion has been abused. Gilliam v. Gilliam, 776 S.W.2d 81, 86 (Tenn. Ct. App.1988). In the present case, there is no basis on which to conclude that the trial court abused its discretion. The record in this case does not contain a statement of the evidence or transcript of the proceedings, therefore we are unable to review the proceedings. Neither party has questioned the trial court's jurisdiction, nor do we find any basis for concluding that the court did not have jurisdiction over the dispute. Additionally, the trial court's order explicitly stated that it had considered the applicable statutory authority, namely T.C.A. § 36-5-101, which sets forth the factors to be considered by a trial court in awarding alimony. In short, there is nothing to indicate that the trial court abused its discretion in modifying its original judgment.

Accordingly, the decision of the trial court is affirmed. Costs for this appeal are taxed to the appellant, William C. Brake, for which execution may issue if necessary.

---

[2] The length of time between the July 21, 1997 order and this court's consideration of the case stems from disputes between the parties in designating the record for appeal.